LUCILLE R. JACKSON, complainant,

*v.*

ANNA E. BEAL, defendant.

[Decided March 20th, 1940.]

*Mr. William Blohm, Jr.* (*Mr. John W. Ockford,* of counsel), for the complainant.

*Messrs. Schumann & Schumann,* for the defendant.

EGAN, V. C.

This is a suit to compel specific performance of a contract to purchase the complainant's premises described in the bill of complaint.

The complainant was lawfully adopted by Helena Veronica Muller under an order of the Hudson County Orphans Court dated May 25th, 1910, which is admitted by the defendant in her answer. The adopting parent died intestate February 25th, 1938, seized of the premises. She left as her only heir the complainant, Lucille R. Jackson. The complainant on April 18th, 1928, by order of the Supreme Court of New York county, State of New York, duly filed, on the day aforesaid, in the office of the clerk of the said county of New York, changed her name from Muller to Jackson.

On September 20th, 1939, the complainant and the defendant, Anna E. Beal, entered into an agreement in writing wherein and whereby the complainant agreed to sell, and the defendant agreed to buy, the said premises for the sum of $4,300. In and by the terms of the agreement, title was to pass on November 1st, 1939. Before the time of the passing of title, the defendant notified the complainant that she would not accept the title to the premises, saying that she did not deem complainant's title thereto to be a good and marketable one; and, also, alleging that the title to the property came from the collateral kindred of the complainant's adopting parent by right of representation, in consequence of which she could not inherit the title to the premises under the provisions of *R. S. 9:3-9,* known as the *"Adoption act."*

The complainant takes issue with the defendant and urges that she is not precluded under the said act; she claims that she did not acquire title from her adopting parent by repre-

sentation from the collateral kindred. She alleges in the complaint that the title to the premises was on August 19th, 1905, conveyed by Leonora M. Pierson and John, her husband, to the said Helena Veronica Muller; that, subsequently, on October 1st, 1921, the said Helena Veronica Muller conveyed the said premises to Carrie Degnaro, and that on March 28th, 1922, the said Carrie Degnaro, and William Degnaro, reconveyed the said premises to Helena Veronica Muller; that on January 17th, 1924, Helena Veronica Muller conveyed the premises to her sister, Mary J. Reynolds, who died intestate July 25th, 1932, leaving as her sole heir-at-law and next of kin the said Helena Veronica Muller, and thereby Helena Veronica Muller again became vested with the title of said premises in fee-simple; that the title to the said premises was owned and possessed by the said Helena Veronica Muller without an express limitation to the heirs of her body; and that consequently, the statutory exception does not apply to her.

The provision of *R. S. 9:3-9* applicable to the situation here, is as follows:

"Effect of decree of adoption; exceptions. Upon the entry of a decree of adoption, the parents of the child, if living, shall be divested of all legal rights and obligations due from them to the child, or from the child to them; and the child shall be free from all legal obligations of obedience and maintenance on the part of the child, as if the child had been born to them in lawful wedlock; and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or the distribution of personal estate, on the death of such adopting parent or parents, as if born to them in lawful wedlock; subject, however, to the limitations and restrictions hereinafter in this section set forth.

"The adopted child shall not be capable of taking property expressly limited to the heirs of the body of the adopting parent or parents, nor property coming from the collateral kindred of such adopting parent or parents by right of representation."

This statute (*P. L. 1930 c. 89 p. 324*) was in effect at the time of the death of Helena Veronica Muller, the adopting parent, and therefore controls. *Stabel v. Gertel, 11 N. J. Mis. R. 247; affirmed, 111 N. J. Law 296; 168 Atl. Rep.*

*645; Ostrander* v. *Preece, 129 Ohio St. 625; 196 N. E. Rep.* ` *670; 103 A. L. R. 218; App. dismissed, 296 U. S. 543; 80 L. Ed. 386.* See, also, *16 Am. Jr. 777, 778, 779.*

I am satisfied that the title to the said premises became vested in the complainant in fee-simple through inheritance from her adopting parent. Title did not come from the collateral kindred of the adopting parent. Complainant's title is a good and marketable one.

The complainant is entitled to have the defendant specifically perform the terms of the said contract.