Zimmerman, J.
 

 As we view it, a decision in the instant case depends upon the interpretation of Section 10503-18, General Code, which reads:
 

 “When there is no evidence of the order in which the death of two or more persons occurred, no one of such persons shall be presumed to have died first, and the estate of each shall pass^ and descend as though he had survived the other or others. When the surviving spouse or other heir at law or legatee dies within three days after the date of death of the decedent, or within thirty days after the date of death of such decedent if
 
 *52
 
 such death resulted from a common accident, the estate of such first decedent shall pass and descend as though he had survived such heir at law or legatee. The provisions of this section shall prevail over the right of election of a surviving spouse.”
 

 This statute was adjudged to be within the power of the General Assembly to enact and its constitutionality was upheld in the case of
 
 Ostrander, Admr.,
 
 v.
 
 Preece, Admr.,
 
 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218.
 

 Under the quoted section, when it cannot be ascertained which of two or more persons survived the others, the estate of each shall
 
 pass and descend
 
 as though he had died last. And when a wife follows her husband in death within three days, or within thirty days if their extinction is attributable to a common accident, his estate shall
 
 pass and descend
 
 as though he had survived her.
 

 Making specific application, had both Mr. and Mrs. Metzger expired within seconds of each other and almost simultaneously with the automobile collision, so that it could not be determined who lived longer, each would be deemed to have died last. Consequently, there would be no widow and none of the statutory allowances accorded a widow could be demanded by her personal representative.
 

 Within the meaning and intent of the statute, the identical result follows when a wife departs this life within three days after her husband, or within thirty days thereafter due to the casualty described. In such circumstances, the statute arbitrarily places her demise first, and the property of her husband
 
 passes and descends
 
 accordingly. There being no widow7, there can be no widow’s allowances.
 

 So interpreted, the statute is not unreasonable or unjust in any appreciable degree. The purpose of the 37ear’s allowance is to feed, clothe and otherwise support a widow or a widow and minor children, if any
 
 *53
 
 there be, for the stated period of twelve months following the death of the husband and father, and the allowances under Section 10509-54, General Code, are by way of additional benefits and compensation to the widow or minor children. Under their wording, both Sections 10509-74 and 10509-54, General Code, would appear primarily to contemplate the usual situation where a widow and minor children live for a considerable time following the death of the decedent, and the allowances made are essentially for their use, comfort and enjoyment.
 

 Certainly neither of the statutes last mentioned was designed for the advantage of the widow’s relatives not of her husband’s blood, for her administrator or executor, or for her creditors.
 

 The administrator cites and relies on the cases of
 
 Dorah’s Admr.
 
 v.
 
 Dorah’s Exr.,
 
 4 Ohio St., 292, and
 
 Bane
 
 v.
 
 Wick,
 
 14 Ohio St., 505. Those cases are altogether dissimilar to this one on their facts and are not controlling. Even though a statute like Section 10503-18, General Code, had existed when the
 
 Borah
 
 and
 
 Bane cases
 
 were decided, it w’ould not have affected the proceedings. Of course, if a wife dies in the ordinary course of events or from independent injuries more-than three days after the death of her husband, or if she succumbs more than thirty days after her husband’s demise when he and she have been fatally hurt in a common accident, Section 10503-18, General Code, is without application. Such contingencies are foreign to the pending litigation.
 

 It follows that the judgment of the Court of Appeals is correct in denying the claims as to exempted property but must otherwise be reversed. The cause is remanded to the Probate Court with instructions to dismiss the petition of Sallie Metzger’s administrator claiming allowances under both Section 10509-74 and Section 10509-54, General Code, and to discharge the
 
 *54
 
 appraisers appointed pursuant to the prayer of the petition.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.
 

 Bettman, J., not participating.