**ARTHUR et, Plaintiffs-Appellees v. WITMEYER, Exr., Appellant et, Defendants.**

Ohio Appeals, Second District, Clarke County.

No. 434.   Decided February 4, 1943.

506

Boesch & Boesch, Dayton, and Otho L. McKinney, Springfield, for plaintiffs-appellees.

Keifer & Keifer, Springfield, and Cole & Hodge, Springfield, for defendants-appellants.

## OPINION

BY THE COURT:

This matter is before us on appeal from the judgment of the Court of Common Pleas. The petition recites the appointment of W. W. Witmeyer as the executor of the estate of J. Warren Arthur, deceased, and names the legatees under the will. For their cause of action plaintiffs say that decedent,—J. Warren Arthur, during his life, opened an account with the Springfield Savings Society, of Springfield, Ohio, in the names of J. Warren Arthur or J. C. Arthur or Minnie J. Arthur, payable to either or the survivor, and that certain other deposits and withdrawals were made, leaving a balance in said joint account at the time of the decedent's death of $3,500.00; plaintiffs assert that they have made demand upon the Savings Society for the proceeds of the deposits, but that the bank refused to pay on account of the claim of the defendant, Witmeyer, as executor of the estate of J. Warren Arthur. The prayer is that the plaintiffs recover the sum of $3,500.00 from the bank.

The Savings Society answered, admitting certain formal matters —among them that the decedent, J. Warren Arthur, died testate, and that some or all of the defendants named are legatees under the will. The defendant bank further states that the decedent, J. Warren Arthur, on or about January 2, 1936, opened what is known as a savings account with the bank; that said account was of a joint and survivorship nature, being evidenced by a pass book, which recited the ownership to be in the names of J. Warren Arthur or J. C. Arthur or Minnie J. Arthur, payable to either or the survivor of them; admits that when the account was opened an initial deposit was made of $1,000.00, and that at the time of the death of said J. Warren Arthur the aggregate sum was $3,715.06. The bank asserts that it is ready to pay as the court may direct.

W. W. Witmeyer, as executor of the estate of J. Warren Arthur, filed an answer and cross-petition, asserting as one defense that the matter here involved was heard and adjudicated in the proceeding in the Probate Court, brought by the plaintiffs, Minnie J. Arthur and J. C. Arthur, who claimed the ownership and right to said fund in the bank, in which they asked for orders of the court as to the payment of inheritance tax thereon, and that the executor be required to surrender the pass book for the savings account to them. It is asserted that said proceedings were resisted by the executor, and that the action was heard upon the testimony and argument of counsel, and that on May 8, 1941, the Probate Court found and determined that the plaintiffs, Minnie J. Arthur and J. C. Arthur, have no interest in and are not entitled to any part of said bank account, and it was then ordered by said Probate Court that the defendant, Witmeyer, as executor, collect and retain the proceeds of said bank account as part of said estate, and that the same be administered in accordance with the will of J. Warren Arthur; that said findings of the Probate Court were not appealed from and are in full force and unreversed. As a second defense, the executor states that the moneys deposited in the bank account were at the time decedent's property and that the plaintiffs had no interest in the same; that the depositor made no agreement of any kind with the plaintiffs in reference to said fund and never transferred his ownership and right to it to them, and in fact he never notified plaintiffs of said deposit, and they had no knowledge thereof until after the death of J. Warren Arthur, and that no consideration passed for any transfer to plaintiffs and no title or interest ever passed to plaintiffs. As a third defense, plaintiffs assert that after the deposit of the money in said savings account, the said J. Warren Arthur rescinded and revoked the arrangement by which any payment might be made or claimed, by making a will in which he disposed of his estate, including said bank account, and allege that if any right ever existed in plaintiffs to any part of said fund, the decedent terminated the same in his lifetime.

The defendant, Witmeyer, executor, prays the court to find that the matter has been adjudicated, as above set forth, and that the defendant as such executor is entitled to the fund in said bank account, and that the bank be ordered to pay the same to him to be administered in accordance with the will.

A reply of the executor is a denial that the matter involved was ever adjudicated in a proceeding in Probate Court. Other denials are made by the plaintiffs of the allegations in the answer of the executor.

The cause came on for hearing upon the pleadings and the evidence before the court, a jury being waived, and the court found in favor of the plaintiffs, and that the account opened by J. Warren Arthur in the bank constitutes and is a valid and subsisting survivorship account to the proceeds of which Minnie J. Arthur and J. C.

Arthur are entitled as the survivors in said account, against the claim of Witmeyer as executor, and as against the other named defendant, and judgment is awarded in their favor against the bank, in the sum of $3,715.06. Motion for new trial was overruled, and notice of appeal given and the case lodged in this court.

Assignment of errors on behalf of Witmeyer, executor, are filed, to the effect (1) that a judgment of the court should have been in favor of Witmeyer, executor, and against the plaintiffs; that the bank account belongs to the estate of J. Warren Arthur, deceased, and should be paid to the executor, for the reason that the matter involved was adjudicated by the Probate Court of Clark county, conclusively against plaintiffs below and in favor of appellant; (2) that the trial court erred in excluding the will of J. Warren Arthur and the inventory of his estate, which, with other evidence, shows that the supposed transfer, if intended and valid, was, before his death, rescinded.

Bill of exceptions is filed in which is disclosed the controverted bank account. "Exhibit B" of the plaintiffs shows a bank account with the Springfield Savings Society, on the face of which appears— "J. Warren Arthur or J. C. Arthur or Minnie J. Arthur, payable to either or the survivor". The bank book has within its covers—"In account with J. Warren Arthur or J. C. Arthur or Minnie J. Arthur, payable to either or the survivor". The bill of exceptions presents the record made in the Probate Court, which is claimed by the defendant to constitute res judicata. It is titled—"In the matter of the estate of J. Warren Arthur—Application for determination of inheritance tax on the joint and survivorship bank account".

Minnie J. Arthur, survivor and one of the claimants, in the Probate Court prays for an order of determination of what inheritance tax, if any, is to be paid upon the succession of said joint and survivorship bank account, under the laws of the state of Ohio, in relation to such tax, and in support of her prayer states (1) that the decedent died a resident of Enon, Clark county, Ohio, leaving a last will which was duly probated; that letters testamentary were issued by the court on January 25, 1939, to W. W. Witmeyer; (2) that said executor has possession of the pass book and has neglected to make application to determine the inheritance tax on said joint and survivorship account, and give up possession of the pass book; (3) Minnie J. Arthur asserts that a description of the joint and survivorship account which the decedent in his lifetime conveyed and gave away with intent to have such conveyance, distribution or gift take effect in possession and enjoyment after death, was as heretofore described; that the names and relationship of the survivors named in the bank account are J. C. Arthur, brother, Plattsville, Wisconsin, Minnie J. Arthur, Chicago, Illinois.

Petitioner prays the court to estimate what inheritance tax, if any, is due from the succession and for an order of the payment of

any tax determined to be due by the survivors, requiring the executor to surrender said pass book to the survivors. After the hearing the Probate Court made an entry in substance,—the matter came on to be heard upon the application of Minnie J. Arthur asking for an order for the determination of inheritance tax upon succession to the so-called joint account, which application was resisted by the executor. Upon consideration of the evidence and the argument the court finds "that Minnie J. Arthur and J. C. Arthur have no interest in and are not entitled to any part of said bank account". It is ordered that Witmeyer, as the executor, collect and retain the proceeds of the bank account as a part of said estate and that the same be administered and distributed in accordance with the will of the decedent.

The will discloses bequests to his son and daughter, and is dated August 17, 1938; the first deposit in the bank account was made on January 2, 1936, and said deposit continued active until the death of the decedent—the last deposit being made on January 1, 1941. In the administration of the estate an inventory is filed, reciting the bank account as being the personal property of the decedent to be administered. There was also some personal property amounting to about $75.00, and a lot. The bank account was appraised at $3,613.35. The second assignment of error was the alleged error committed by the court in excluding the will of J. Warren Arthur and the inventory of the estate. As to this latter matter, we are of the opinion that the court did not err in excluding the inventory, but that he should have admitted the copy of the will to throw such light as it may upon the question as to whether the decedent revoked his joint bank account prior to his death.

A great many cases have been cited on both sides of this controversy. We will not discuss many of them and will quote from but few.

In the case of **Rhorbacker v. Bldg. Assn., 138 Oh St 273,** it is held that when the relationship of creditor and debtor exists between a depositor and the bank and the depositor directs the institution to withdraw sums from his account and place the same to the credit of another or the survivor, that an executed contract arises whereby the depositor and the bank create a joint and equal interest in the certificate in the depositor and the designated person, with the attendant incident of survivorship binding the institution to its terms. "Upon the death of the depositor, the arrangement having remained undisturbed, such designated person as the survivor, becomes the owner of the certificate and entitled to its possession and benefits, by virtue of the completed contract. Consideration passing between the depositor and the one surviving is not necessary, and full assent to the contract by such survivor may be presumed, the contract being one of advantage without burden."

It seems to the court that this case is very close to the facts stated in the case at bar so far as the establishment of the survivor-

ship account and the right of the survivor to inherit upon the death of the one making the deposit. It is hard to distinguish any essential difference between the case there stated and the case at bar.

In the case of **Berberick v. Courtade, 137 Oh St 297**, it is held:

"Where a husband and wife have each deposited money in a. common fund in a financial institution with a stipulation that it is payable to either or the survivor, such funds, upon the death of the husband, pass to the surviving wife by virtue of the contract and not "by deed of gift" and, upon the death of the latter intestate, the distribution thereof is not governed and controlled by §10503-5 GC,. commonly known as the half-and-half statute."

This case does not present the same question as the case at bar, for the reason that in the case at bar there was no contract or agreement existing between the depositor and the person for whose benefit the deposit was made, whereas, in the case cited, the arrangement arose from a contract between the husband and wife. Nevertheless, the case is of value in showing that under the laws of Ohio the relationship between the depositor and the person from whom the deposit is made arises out of a contract and not as a "deed. of gift".

See **Cleveland Tr. Co. v. Scobie, 114 Oh St 241.**

The distinction might be made that in that case it appeared that the record shows that depositor intended to transfer to the person to whom he made the account jointly payable a present joint interest therein equal to his own. It may be claimed that in the case at bar there was no such showing of intent, and that in fact due to the making of the will there appears a denial of such intent..

The brief of appellant advances the proposition that upon the death of the depositor without his having revoked the authority to draw, it may be asserted that this authority was withdrawn by virtue of the will. With this we do not agree.

Examining the numerous cases cited, we arrive at the conclusion that considering the matter of the form of the deposit and the death of J. Warren Arthur while said deposit contract existed, the rule as to survivorship will control and the money goes to those named in the deposit account, unless it can be shown that by virtue of res judicata the matter of ownership has already been determined by a competent court. This matter we will now consider.

## RES JUDICATA.

In this the first matter to be considered is whether or not the Probate Court had jurisdiction to render the judgment that it did

upon the application of one of the survivors to determine the matter of the inheritance tax, and order the executor to turn over to the survivor the pass book, evidencing the money in the bank.

**Section 10501-53 GC,** provides that: "Except as hereinafter provided, the probate court shall have jurisdiction", in the various matters therein enumerated. Sub-division (13) is: "To direct and control the conduct of fiduciaries and settle their accounts."

There are no cases cited directly passing upon the right of the Probate Court to do that which it assumed to do by the entry alluded to.

See **Crawford, Admr. v. Zeigler et, 84 Oh St 224,** Donahue, J., delivering the opinion of the court says, on page 229:

"The first question arising upon the record is the right of the plaintiffs below to maintain this suit."

He then recites the provisions of the constitution and of the statute, §10492 GC, providing that probate courts shall have jurisdiction to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates.

The Judge states on page 231:

"This court has many times declared that 'the probate courts of Ohio are in the fullest sense courts of record,' * * *."

On the same page, it is stated:

"It is the policy of the law that all controversies should reach speedy determination. The peace of society demands that the judgment of every court having jurisdiction of a cause should be a final adjudication of that cause unless it is reversed or vacated in the manner and by the methods provided therefor."

In **Wilberding, Admr. v. Miller, 90 Oh St 29,** it is held:

"The probate court has full jurisdiction to adjudicate all questions arising in proceedings properly before it. * * * The judgment of the court is protected by the same rules as to collateral attack as other judgments of courts of record."

**Fidelity & Deposit Co. v. Wolfe et, 100 Oh St 332,** points out the conditional provisions establishing the jurisdiction of the Probate Court, and that **Sec. 8, Art. IV of the Constitution** expressly grants jurisdiction to said Probate Court "in probate and testamentary matters."

Who are bound by the determination of the court? **Quinn, Auditor v. State, 118 Oh St 48,** discusses these principles in a case

not closely analogous to the case at bar, as it involved an action by a taxpayer against County Commissioners and other county officials. Day, J., delivering the opinion of the court, at p. 53, states the rule applicable to the situation, and quotes from 15 R. C. L., 1009, §483, as to who are parties.

In the case at bar it is not necessary to resort to the rule declared in the cited case, as all the parties involved in the present litigation were actually litigants or actually participated in the trial of the case.

What was the issue in the Probate Court? The action was brought in the matter of the estate of J. Warren Arthur, deceased. The litigation was actively conducted by Minnie J. Arthur, a survivor and one of the alleged owners of the joint and survivorship bank account in the name of the decedent.

What issues did she present besides the allegations of the ownerships. She states that the decedent died a resident of Clark county, leaving a will admitted to probate, on which letters testamentary were issued to Witmeyer as executor; that said executor has possession of the pass book evidencing the survivorship account **owned by the applicant and her brother,** and that the executor has failed to make application to determine the inheritance tax. She then alleges the establishment of the joint account, erroneously stating that it arose on account of a gift by her brother to her and her surviving brother. The law seems to be clear that in these survivorship accounts the relationship between the survivor and the bank arises out of a **contract** and not by reason of a gift. She prays that the court estimate what inheritance tax is due from said succession and for a finding upon evidence, of the balance of any tax; praying that the executor be required to surrender the pass book.

The court, upon the hearing, where the parties appeared in person or by counsel, and upon the evidence, found "that Minnie J. Arthur and J. C. Arthur have no interest in and are not entitled to any part of said bank account." "It is therefore ordered and adjudged that W. W. Witmeyer, as such executor, collect and retain the proceeds of said bank account as part of said estate, and that the same be administered and distributed in accordance with the law and the will of the decedent."

It seems to us that the issue is clearly made by the parties as to ownership of the survivorship account, and the courts certainly definitely passed upon the issue of ownership.

The general rule as to res judicata may be found stated in **23 O. Jur. p. 961, Toledo v. Preston, 50 Oh St 361,** to the following effect. The doctrine of res judicata is that as a final judgment or decree rendered upon the merits and without fraud or collusion by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to parties or their privies in all other actions or suits in the same or any other jurisdictional tribunal of concurrent jurisdiction.

If the Probate Court had jurisdiction of the subject matter, it had full power to hear and determine all questions that arose in the case and all questions necessarily arising in the case were res judicata by the final order which was not set aside or reversed by direct proceedings for that purpose.

See **Smith v. Western Union Telegraph Co., 7 N. P. (N. S.) 609; Bank v. Telegraph Co., 70 Oh St 89.**

We readily concede that if the Probate Court assumed a jurisdiction which it did not have to determine a question beyond its jurisdiction, then the fact that parties participated and litigated the matter before the court will not render the decision of the court final as against the right to have the Court of Common Pleas determine the issues.

We, however, cannot escape the conclusion that the Probate Court did have jurisdiction and did exercise the same, and did render a judgment within its jurisdiction, and that as a consequence the matter is res judicata and may not be again re-heard as to matters determined by the Probate Court, among them being the ownership of the survivorship account.

We have concluded, as we have indicated in the former portion of this opinion, that the survivorship account is effective under **Rhorbacker v. Bldg. Assn., 135 Oh St 273, Berberick v. Courtade, 137 Oh St 297, and Clev. Tr. Co. v. Scobie, 114 Oh St 241,** and that if nothing else appeared that the judgment of the court below would be correct, but owing to the judgment of the Probate Court as plead and proved the judgment of that court was a finality, that therefore, the judgment of the court below should be reversed.

GEIGER, P. J., and HORNBECK, J., concur.
BARNES, J., dissents.