## KESSLER, ESTATE of, In Re.

Ohio Appeals, Second District, Miami County.

No. 446. Decided March 24, 1949.

Ellis W. Kerr, Troy, for Edward Kessler, Administrator of the Estate of Gaynor Kessler, appellee.

Baird Broomhall, Troy, for Michael E. Norris, Administrator, d. b. n. of the Estate of Emma Kessler, appellant.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment of the Probate Court of Miami County, Ohio.

Gaynor Kessler and Emma Kessler, husband and wife, residents of Miami County, Ohio, both sustained injuries in a common accident in the State of Florida in December, 1944. Both died as the result of said injuries within a period of thirty days after the date of said accident, the date of death of Emma Kessler being December 31, 1944, and the date of death of Gaynor Kessler being January 18, 1945. Both died intestate and without issue of their bodies.

During life, and on the date of death, Gaynor Kessler and Emma Kessler were the owners of a joint and survivorship checking account in the Tipp Citizens National Bank in the sum of $4,150.73 and the owners of a joint and survivorship savings account in the Milton Federal Savings Association in the sum of $1505.00. The administrator of the estate of Gaynor Kessler included the entire sum in said accounts in the inventory; and the administrator of the estate of Emma Kessler included one-half of said accounts in the inventory of her estate. The issue arose on exceptions to the inventories in both estates.

The matter was submitted to the court on an agreed statement of facts. The trial court found the entire proceeds of the checking account and of the savings account to be assets of the estate of Gaynord Kessler, from which finding and judgment this appeal is taken.

No factual question is presented. It is agreed that the accounts were created under a joint and suvivorship contract. The legal question presented is whether under joint and survivorship contracts the entire proceeds of said accounts, upon the death of Emma Kessler, passed to Gaynor Kessler,

or whether, as contended by appellant, the administrator of the estate of Emma Kessler, one-half only in the proceeds of said accounts passed to Gaynor Kessler.

Appellant contends that §10503-18 GC applies which in part provides:

"* * * when the surviving spouse or other heir at law or legatee dies within three days after the date of death of decedent, or within thirty days after the date of death of such decedent if such death resulted from a common accident, the estate of such first decedent shall pass and descend as though he had survived such heir at law or legatee. * * *"

It is conceded that the death of Gaynor Kessler and Emma Kessler resulted from a common accident, and that his death occurred within thirty days after the death of Emma Kessler.

Appellant contends that this provision of the statute makes each party a survivor of the other as a matter of law and preserves to the estate of each the vested right which each had in the joint and survivorship account which they established by contract during their lifetime. We do not agree with this interpretation of the statute. The purpose of this statute was to prevent double inheritance. The effect of this provision of the statute is not to make each decedent the survivor of the other, and as a consequence, each decedent the heir of the other, but rather to deprive the second decedent from taking any part of the estate of the first decedent when death occurs under conditions set forth in the statute. In re Metzger, 140 Oh St 50, 42 N. E. (2d) 443. Furthermore, §10503-18 GC only affects the right of the second decedent to inherit any part of the "estate" of the first decedent. Ostrander v. Preece, 129 Oh St 625, 196 N. E. 670. This statute operates in the field of the law of inheritance and has no application to rights vested under contract law. The accounts in question never became a part of the "estate" of Emma Kessler, deceased.

It is well established in Ohio that where two persons create a joint account in a financial institution and contract that the balance in the account is payable to either or to the survivor upon the death of either, the ownership to such funds, upon the death of either, passes to the survivor by virtue of the contract. Berberick v. Courtade, 137 Oh St 297, 28 N. E. (2d) 636; Sage v. Flueck, 132 Oh St 377, 7 N. E. (2d) 802; Oleff, Admr. v. Hodapp, Gdn., 129 Oh St 432, 195 N. E. 838; In re Hutchison, 120 Oh St 542, 166 N. E. 687; Cleveland Trust

Co. v. Scobie, 114 Oh St 241, 151 N. E. 373; **Arthur v. Witmeyer,** 39 Abs 505, 53 N. E. (2d) 915.

A distinction is clearly drawn between cases involving "joint account" and a "joint and survivorship account." A different rule obtains with respect to joint accounts. A joint and suvivorship account at the time it is created carries a present vested interest and is not affected by the laws of descent and distribution. Oleff, Admr v. Hodapp, Gdn., supra.

Appellant cites and relies on the unreported case of Hitchcock v. Semple, decided April 8, 1934, by the Court of Appeals of Ashland County. A motion to certify was overruled by the Supreme Court. A careful examination of that opinion shows that a factual situation was presented respecting the character of the investment. The court's decision was based on the finding of fact that the purchaser of the bonds gave instructions that the bonds should be registered in the names of the decedents. The bank, however, requested the bonds to be registered in the names of the decedents, or the survivor. The court properly found that the survivorship feature was added without authority, that a joint ownership was created, and in accord with this finding the court ordered one-half of the proceeds distributed to the estates of each of said decedent owners. That case is clearly distinguishable from the facts in the instant case.

Finding no error in the record prejudicial to the appellant the judgment is affirmed.

MILLER, PJ, and HORNBECK, J, concur.