Weir, Exr., Appellee, v. Weir; et al., Appellants.

(No. 8208—Decided January 3, 1957.)

*Messrs. Gallagher, Dorr & Manley,* for appellee.
*Mr. Wm. B. Davis,* for appellants.

Hildebrant, J. This appeal on questions of law is from a judgment of the Probate Court, declaring the distribution of the residuary estate of George J. Weir, under item V of his will, as affected by the provisions of Section 2105.21, Revised Code.

George J. Weir died testate on December 28, 1955, and his wife, Edna Weir, died testate two days later on December 30, 1955. Both wills have been admitted to probate.

Item V of the will of George J. Weir provides:

"All the rest of my property, be the same real, personal or mixed, I give, devise and bequeath to my beloved wife Edna Weir to be hers absolutely.

"In the event that my beloved wife Edna Weir should predecease me, or we should both die as a result of a common accident, then all of my property, be the same real, personal or mixed, I give, devise and bequeath to my brother Paul F. Weir."

Section 2105.21, Revised Code (125 Ohio Laws, 411), as amended by the addition of the last section, effective October 16, 1953, provides:

"When there is no evidence of the order in which the death

of two or more persons occurred, no one of such persons shall be presumed to have died first and the estate of each shall pass and descend as though he had survived the others. When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee. A beneficiary of a testamentary trust shall not be deemed to be a legatee or devisee within the meaning of this section. This section shall prevail over the right of election of a surviving spouse.

"This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section. In such case such provision of the will shall not prevail over the right of election of a surviving spouse."

The question for the court has been stated in appellant's brief: Does the will of George J. Weir make provision for distribution of property different from the provisions of Section 2105.21, Revised Code?

It is the contention of appellants that item V of the will of George J. Weir makes provision for distribution different from the statute, thereby obviating it; if not, it is conceded that Section 2105.21, Revised Code, applies, and that it applies to testate as well as intestate distribution.

In construing former Section 10503-18, General Code, the Supreme Court said in *Ostrander, Admr.,* v. *Preece, Admr.,* 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218, paragraph two of the syllabus:

"Section 10503-18, General Code, does not establish a presumption of the order of death, but merely defines the right of inheritance to property of those who die within the time and under the circumstances therein described."

Again, in construing the former statute, the Supreme Court in the syllabus of *In re Estate of Metzger,* 140 Ohio St., 50, 42 N. E. (2d), 443, stated:

"When a wife expires within three days after the death of her husband, or within thirty days from his demise if their extinction is attributable to a common accident, he is deemed

to have died last and his estate passes and descends accordingly, under Section 10503-18, General Code. In such circumstances there is no widow within the meaning and intent of the statute, and no year's allowance under Section 10509-74, General Code, and no property not treated as assets under Section 10509-54, General Code, may be claimed by her personal representative."

In enacting the so-called Presumption of Order of Death Statute, the intention of the Legislature is expressed by Dietrich, J., in *In re Estate of Gilger,* 63 Ohio Law Abs., 595, 109 N. E. (2d), 333, at page 598:

"What was the intent of the Legislature when it enacted this statute? Obviously the purpose was to vary the general law of descent and distribution in order to prevent a surviving spouse from inheriting the estate of a decedent, when due to the circumstances of her death, she could have no need or use of it, and both her estate and that of the first decedent would pass to her heirs."

Again, at page 51, quoting from *In re Estate of Thatcher,* 30 N. P. (N. S.), 515, 2 Ohio Supp., 356:

"'* * * This decision contains the following as to the purpose of this law:

"' 'When an heir or legatee of a deceased person dies so shortly after the death of such deceased person, so as to eliminate the possibility of such heir or legatee enjoying the benefits derived from the estate of such deceased person, there is no reason in law or equity for causing the estate of such deceased person to pass from his or her heirs to the heirs of the beneficiary who does not survive long enough to enjoy the benefits therefrom.'

"In this opinion, Judge McClelland also quotes from the original minutes of the Probate Code Committee of the Ohio Bar Association which drafted this section. This quotation shows that the intended purpose of this section is to prevent the inequity that would result 'in letting all property pass to the other branch of the family where there is only a few days difference in the time of death.' "

See, also, *In re Estate of Kessler,* 85 Ohio App., 240, 85 N. E. (2d), 609.

In an article in 14 Ohio State Law Journal, 368, Probate Code Amendments, it is stated:

"It became the general opinion of lawyers that it was not possible to so draft a will that the testator's estate could be taken out of the operation of the old statute. This is what prompted the Probate and Trust Law Committee to sponsor the amendment to this section. By being able to provide by will for a distribution different from the provisions of this section it is possible to take advantage of the marital deduction allowed under the federal estate tax law, where the surviving spouse dies within thirty days of the death of the testator. Accordingly, this sentence was inserted in the section, *viz*: 'This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section.' "

We come now to a consideration of item V of the will of George J. Weir in relation to Section 2105.21, Revised Code. By the first paragraph thereof he gives all the residue of his estate absolutely to his wife Edna Weir; by the second paragraph he provides in the event Edna Weir should predecease him that the residue of his estate go to a named beneficiary, his brother, Paul F. Weir. By that provision, his intent is clear that if his wife Edna is not in being to benefit from his estate, his intention is to direct the distribution of his property to those of his own choice and own side of the house, so to speak, so as not to include his wife's heirs or beneficiaries. This clearly demonstrated intention is entirely consistent with the purpose of the statute.

Appellants contend that the phrase, "or we should both die as a result of a common accident," included in paragraph 2 of item V, makes provision for a distribution different from the statute, and argue that since the death of Edna Weir as a result of a common accident could readily occur more than 30 days after the death of George J. Weir, the will thereby makes provision for a distribution different from the statute. That argument seems to the court to be based upon a completely false premise. In the first place, we do not construe the will as it existed as an ambulatory document before the death of the testator, subject to revocation or change, but only as it becomes effective upon death and subsequent admission to probate.

The expressed contingency of death by a common accident did not happen, and it therefore appears that the contingency may not and does not affect distribution under the will and the statute.

To provide a distribution different from the statute, it is required that the testator provide that the surviving spouse, other heir at law, legatee or devisee, even though dying within 30 days of the death of the decedent, shall, nevertheless, take and benefit under the will or use appropriate language to show an intent to permit distribution in their estates either by will or the law of descent and distribution.

No such language or intent is contained in item V of the will of George J. Weir.

The court is of the opinion that no provision for distribution different from the statute is contained in the will and that, therefore, the statute applies to this estate.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

MATTHEWS, J., concurs.
Ross, P. J., concurs in the judgment.