BARRICK, EXR., APPELLEE, v. FLIGLE ET AL., APPELLEES; DAVIS ET AL., APPELLANTS.*

(No. 4668—Decided January 30, 1957.)

*Mr. John F. Barrick,* for appellee John P. Barrick, Exr.

*Messrs. Lombardi, Kelly & Zerbe,* for appellees Eva Hill Boyle et al.

*Mr. Louis Wm. Gering, Jr.,* for appellants.

HUNSICKER, J. This is an appeal on questions of law from a judgment entered by the Probate Court of Summit County, Ohio.

Mabel J. Ryan Fligle died testate on October 19, 1955, survived by her husband, Albert M. Fligle, who died two days later: on October 21, 1955. Both Mr. and Mrs. Fligle had been previously married. The heirs of these decedents both claim the portion of her estate given to Mr. Fligle by the last will of his wife.

John J. Barrick, the executor, then filed an action for the construction of the will and the determination of heirship. It is from the judgment rendered in that action that an appeal on questions of law is before this court.

In the will of Mrs. Fligle, the first of the parties to die,

*Motion to certify the record overruled, April 17, 1957.

she left certain property to her husband. The items of the will giving property to her husband are as follows:

"Item 2. I give, devise and bequeath to my husband, Albert M. Fligle, the automobile, which I may own at the time of my decease.

"Item 3. I give, devise and bequeath to my husband, Albert M. Fligle, one grave in Crown Hill Cemetery, which is located in Lot Number 72, Section Number 30, absolutely and in fee simple."

"Item 8. I give and bequeath to my husband, Albert M. Fligle, any and all interests which I have in our joint checking and/or savings account, absolutely.

"Item 9. I give, devise and bequeath to my husband, Albert M. Fligle, a one-half (½) interest in my home located on Northfield Road, absolutely and in fee simple, the remaining one-half (½) interest I give, devise and bequeath to Mrs. Eva Hill and Miss Margaret Lamb of Sundridge, Ontario, Canada, to Bud Ryan of 84 Crawford Street, Toronto, Ontario, Canada, and to Mrs. Elmer Green of 19715 Avon Lane, Detroit, Michigan, each to have an undivided one-fourth (¼) interest, absolutely and in fee simple, in the one-half interest."

"Item 11. All of the remaining property, of every nature and description and wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to my husband, Albert M. Fligle, absolutely and in fee simple."

The will contained no statement concerning the provisions of Section 2105.21, Revised Code. This section reads as follows:

"When there is no evidence of the order in which the death of two or more persons occurred, no one of such persons shall be presumed to have died first and the estate of each shall pass and descend as though he had survived the others. When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee. A beneficiary of a testamentary trust shall not be

deemed to be a legatee or devisee within the meaning of this section. This section shall prevail over the right of election of a surviving spouse.

"This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section. In such case such provision of the will shall not prevail over the right of election of a surviving spouse."

It is the contention of counsel for the heirs of Mrs. Fligle that, inasmuch as Mr. Fligle died two days after Mrs. Fligle, and since there was no specific exclusion in her will of the effect of this Section 2105.21, Revised Code, Mrs. Fligle must be deemed to have died intestate as to the property given to Mr. Fligle by this will of his deceased wife.

It is the contention of counsel for the children of Mr. Fligle by his former wife, that Section 2105.21, Revised Code, has no effect at all if a valid will has been executed, giving to a surviving spouse property of the deceased spouse, regardless of the time of death of the parties.

The present statute is an amendment of former Section 10503-18, General Code, which early enactment, in the case of *Ostrander, Admr., v. Preece, Admr.,* 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218, was held to be a valid and constitutional legislative act; the court there saying:

"2. Section 10503-18, General Code, does not establish a presumption of the order of death, but merely defines the right of inheritance to property of those who die within the time and under the circumstances therein described."

In the case of *In re Estate of Metzger,* 140 Ohio St., 50, 42 N. E. (2d), 443, the court, speaking of Section 10503-18, General Code, said (at page 52):

"Under the quoted section, when it cannot be ascertained which of two or more persons survived the others, the estate of each shall *pass and descend* as though he had died last. And when a wife follows her husband in death within three days, or within thirty days if their extinction is attributable to a common accident, his estate shall *pass and descend* as though he has survived her."

Thereafter, effective on October 16, 1953, Section 2105.21,

Revised Code (former Section 10503-18, General Code), was amended to include the word "devisee" along with legatee, surviving spouse and other heir at law, as those persons within the prescribed field of inheritance. In addition, the statute as amended contained the second paragraph, which was not a part of the earlier version (Section 10503-18, General Code).

It is this final paragraph of the new section that counsel for the appellant children of Mr. Fligle insists takes all wills out of the operation of the statute, and thus permits the heirs of Mr. Fligle to inherit the property given to Mr. Fligle in the will of his deceased wife.

We believe the obvious purpose of this type of statute is to provide that, if, within the time limit set out in the statute (thirty days), any of those named therein dies, the property of that person who has died first shall "pass and descend" as though the person who died first died intestate, unless there is an exemption as to the effect of this statute contained in the will.

It must be noted that the statute, which in its original enactment did not contain the word "devisee," now provides, in its pertinent part, by the amendment of October, 1953, that "When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee."

One does not become a "legatee" or "devisee" except through a will, and hence, if the statute as amended was meant to be operative only if a person died intestate, there was no occasion to designate those who could only take if there was a valid will and testament executed by the first decedent.

When the statute, as amended, added a paragraph saying: "This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section. In such case such provision of the will shall not prevail over the right of election of a surviving spouse," it then required that, before a last will and testament could vary the effect of the statute, such last will and testament must contain some language which indicates that the

testator desired, notwithstanding the requirement of the law, that the property "pass and descend" as indicated in the will as written.

Nothing in the instrument before us indicates such a desire on the part of the testatrix to overcome the operation and effect of the statute.

The judgment of the trial court must be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.