Weygandt, C. J.
Fortunately the facts are simple and undisputed.
The defendant Lawrence M. Hattwick concededly is the natural and legitimate son of Lawrence M. Millward, deceased. However, the entire controversy stems from the fact that the defendant Hattwick is also the legally adopted son of Robert C. Hattwick.
The sequence of events should be noted.
The defendant Hattwick was born on November 13, 1919. His parents were Lawrence M. and Evelyn Millward. The parents were divorced on May 17, 1926, and the custody of the son was awarded to the mother. On September 26,1926, the mother remarried. Her second husband was Robert C. Hattwick who legally adopted the defendant Lawrence M. Hattwick on October 18, 1926. The mother consented to the adoption but the natural father did not; and, as previously stated, the father died intestate on March 28, 1955.
On the date of the decedent father’s death, Section 3107.13, Revised Code, read as follows:
“Except in the case of a natural parent married to the adopting parent, the natural parents, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them, and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child, and the child shall be invested with every legal *245 right, privilege, obligation, and relation in respect to education and maintenance as if such child had been born to them in lawful wedlock. For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents; provided:
“ (A) Such adopted child shall not be capable of inheriting or succeeding to property expressly limited to heirs of the body of the adopting parents.
“(B) In ease of adoption by a stepfather or stepmother, the rights and obligations of the natural parent who is the spouse of the adopting stepparent shall not in any way be affected by such adoption.
“Tins section does not debar a legally adopted child from inheriting, under a will identifying such child by his adopted name, or later acquired name, property of such child’s natural parent or parents or other natural kin as in case of bequest or devise to any other person.
“For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession.”
As amended, this statute became effective on August 28, 1951 — after the adoption of the defendant Hattwick and before the death of the natural father, Lawrence M. Millward.
At the time of the adoption, Section 8030, General Code, read in part as follows:
“Nothing in this act shall be construed as debarring a legally adopted child from inheriting property of its natural parents or other kin. ’ ’
The defendant Hattwick contends that the controlling statute is that in effect at the time of his adoption and not that in effect at the time his natural father died. However, this court has answered this question clearly to the contrary in the *246 cases of Flynn, Admr., v. Bredbeck, 147 Ohio St., 49, 68 N. E. (2d), 75, and Staley, Admr., v. Honeyman, 157 Ohio St., 61, 104 N. E. (2d), 172. In th¿ latter case it was held in inescapable language that “an adopted child’s rights to inherit are governed by the laws in force at the time of the death of the decedent and not the laws in force at the time of the adoption,” and the decision in the Bredbeck case was approved and followed.
Since the amended statutory provisions are applicable, do they preclude the defendant Hattwick from inheriting from his natural father? It is difficult to imagine clearer terms than that, “for the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession.” (Italics supplied.) The defendant Hattwick emphasizes the fact that the statute of descent and distribution was not amended at the same time the adoption amendment was enacted. However, this would have been a duplication inasmuch as the adoption amendment itself contains the comprehensive language that it shall be effective “for all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property.” (Italics supplied.) These statutes must be read in pari materia.
Do these provisions violate the federal or state Constitutions? In the case of Ostrander, Admr., v. Preece, Admr., 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218, this court held in the syllabus:
“1. A legislative enactment, repealing, modifying or changing the course of descent and distribution of property and the right to inherit or transmit property, is not an unlawful interference with or deprivation of vested rights, and, unless expressly inhibited by constitutional provision, is to he deemed valid.
u * a #
“3. Legislation which deals with rights of transmission and inheritance of property of persons who die after its effective date, does not deal with present vested rights, and heirs expectant and legatees of decedents who are adversely *247 affected thereby are not deprived of present vested property rights without due process of law.”
In the opinion in that case it was observed:
“There are no heirs, but only heirs apparent, to the living, persons with mere expectancies or possibilities of inheritance which may be fulfilled or defeated, depending upon various contingencies and situations. An heir apparent, therefore, has no vested right in the estate of his ancestor prior to the latter’s death, and consequently no vested property rights therein. Legislation dealing with estates of persons who die after its effective date does not deal with vested rights.”
The idea of permitting a legally adopted child to inherit from its adoptive parents, but not from an intestate natural parent is criticised severely by counsel, but this is a matter of legislative policy for consideration by the General Assembly.
In view of the unambiguous language of the amended statute, the judgment of the Court of Appeals must be affirmed.

Judgment- affirmed.

Zimmerman, Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.