GUCCIONE, APPELLANT; KEETON, APPELLEE, *v.* HUSTLER MAGAZINE, INC. ET AL., APPELLEES.

(No. 83AP-629—Decided December 3, 1985.)

ON REMAND from the Supreme Court of Ohio.

*Sirkin, Pinales & Schwartz* and *H. Louis Sirkin,* for appellant.

*Topper, Alloway, Goodman, DeLeone & Duffey, John J. Duffey, Stephen Lewis; David Kahn* and *Alan Isaacman,* for appellees.

NORRIS, J. This matter is before us upon remand from the Supreme Court, which reversed the judgment of this court dated March 20, 1984 (see *Guccione* v. *Hustler Magazine, Inc.* [1985], 17 Ohio St. 3d 88). In that judgment, we concluded that an order of the court of common pleas, overruling the motion of plaintiff Robert Guccione for admission *pro hac vice* of out-of-state counsel to represent him before the trial court, was not a final appealable order, and dismissed his appeal. In reversing our judgment, the Supreme Court deemed the trial court's order to be appealable.

Whether or not an attorney at law, not admitted to practice in Ohio, may be specially admitted for the purpose of representing a person in a particular civil case, is a matter within the sound discretion of the trial court. Gov. Bar R. I, Section 9(D). In view of the responsibility of the state to prescribe the qualifications for admission to the practice of law before its courts and standards of professional conduct, and to discipline lawyers, the appearance by counsel not admitted to practice before Ohio courts is thus to be deemed a privilege, as opposed to a right granted either by statute or Constitution. See *Leis* v. *Flynt* (1979), 439 U.S. 438 [11 O.O. 3d 302].

We have carefully reviewed the deposition of Norman Roy Grutman, the transcript of proceedings before the trial court on July 5, 1983, and other pertinent documents in the record and, upon the basis of this review, and in view of Grutman's responses and the uncertainty surrounding stipulations proffered by counsel for Guccione, we are unable to say that the trial court erred in concluding that the occasion might arise at trial to call members of the out-of-state counsel's firm as witnesses. We also note that, at the time of his deposition, Grutman was represented by the attorney who sought admission. A review of the evasive and quarrelsome conduct displayed by these two lawyers on that occasion would also have served as an independent basis for denying admission. Accordingly, the trial court did not abuse its discretion in declining to admit out-of-state counsel for the purpose of representing Guccione at trial.

Plaintiff's single assignment of error is overruled, and the order of the trial court is affirmed.

*Order affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.