DECISION
Appellant Ivan Nusic, a legatee under the will of the decedent, Mirko Nussbaum, has taken the instant appeal from the denial of his Civ.R. 60(B) motion for relief from the probate court's judgment denying early distribution of a specific bequest made to Nusic under the decedent's will. Upon our determination that the denial of Civ.R. 60(B) relief did not constitute an abuse of discretion, we affirm the judgment of the court below.
On April 8, 1997, an airplane piloted by the decedent crashed. The decedent and his passenger, Cynthia Mulvey, died as a consequence of injuries sustained in the crash.
On May 30, 1997, the decedent's will was admitted to probate. On August 6, 1997, Mulvey's estate presented to the probate court a wrongful-death claim against the decedent's estate, seeking damages in excess of one million dollars.
When, in August 1998, the decedent's estate had yet to be distributed, Nusic applied to the probate court for distribution of $100,000 specifically bequeathed to him under the decedent's will. On September 11, 1998, the magistrate, following a hearing on the matter, granted Nusic's application for distribution.
The Mulvey estate and the decedent's estate filed objections to the magistrate's decision. The Mulvey estate subsequently withdrew its objection, and the matter proceeded to a hearing before the probate court upon the objection of the decedent's estate.[1] On April 16, 1999, the probate court, upon its determination that a judgment on the Mulvey estate's wrongful-death claim might exceed the value of the decedent's estate, sustained the objection and ordered that no distribution be made.
Nusic thereupon moved for reconsideration of the order denying distribution. By entry dated May 13, 1999, the probate court denied the motion. Nusic then filed a Civ.R. 60(B)(1) motion seeking relief from the order denying distribution, on the ground that his failure to appear and testify at the hearing on the application for distribution constituted excusable neglect. On June 22, 1999, the probate court denied the motion, and on July 21, 1999, Nusic instituted this appeal.
 I.
We note at the outset that Nusic, in his July 21, 1999, notice of appeal, proposed to appeal on its merits "the Judgment Entry entered on the 22nd day of June, 1999, denying the Distribution of Specific Bequests as previously ordered by the Magistrate." On appeal, he advances a single assignment of error challenging the denial of distribution. However, "the Judgment Entry * * * denying the Distribution of Specific Bequests" was not entered on June 22, 1999, as stated in the notice of appeal, but on April 16, 1999. The "Judgment Entry entered on the 22nd day of June, 1999," was the entry denying Nusic's Civ.R. 60(B) motion for relief from judgment.
App.R. 4(A) requires that a notice of appeal be filed within thirty days of the entry of the judgment appealed. The thirty-day period for appealing the April 16 entry denying distribution was not tolled by either the motion for reconsideration or the motion for relief from judgment. See App.R. 4(A)(2) (which lists neither a "motion for reconsideration" nor a Civ.R. 60[B] motion among the motions that toll the time for appeal); William W. Bond, Jr., andAssoc. v. Airway Dev. Corp. (1978), 54 Ohio St.2d 363,377 N.E.2d 988, syllabus (approving and following Kauder v. Kauder [1974],38 Ohio St.2d 265, 267, 313 N.E.2d 797, 798, to hold that App.R. 4[A] provides the exclusive means by which the time for appeal may be tolled). The July 21 notice of appeal was, therefore, not timely filed as to the April 16 entry denying distribution.
The July 21 notice of appeal was timely filed, however, as to the June 22 entry denying Civ.R. 60(B) relief. This appeal must, therefore, be deemed to have been taken from the entry denying Nusic's Civ.R. 60(B) motion, and Nusic's challenge on appeal to the merits of the probate court's denial of distribution must be recast as a challenge to the court's exercise of its discretion in denying Civ.R. 60(B) relief.
 II.
The submission of this matter for a determination on the merits also presents this court with the question of our jurisdiction. See State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544, 684 N.E.2d 72, 73.
The order of the probate court from which Nusic has appealed was entered in an action commenced upon an application to probate a will, and it operated to deny Civ.R. 60(B) relief from the denial of distribution of a specific bequest. A court of appeals has jurisdiction to review only a "final order, judgment or decree." See R.C. 2505.03(A). A "final order" may be "[a]n order that affects a substantial right made in a special proceeding." See R.C. 2505.02(B)(2).
R.C. 2505.02(A)(1) defines a "substantial right" to include a right that one may, by statute, enforce or protect. R.C. 2113.54
confers upon a legatee under a will the right to apply to the probate court for distribution of an estate's assets and requires the court to "make such order with reference to distribution of the estate as the condition of the estate and the protection of all parties interested in the estate may demand." Therefore, the probate court's entry denying Civ.R. 60(B) relief from the denial of Nusic's application for distribution must be said to have affected a "substantial right."
R.C. 2505.02(A)(2) defines a "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." In In re Myers (1995), 107 Ohio App.3d 489, 490-492,669 N.E.2d 53, 53-54, we applied the standard set down in Polikoff v. Adam
(1993), 67 Ohio St.3d 100, 616 N.E.2d 213, paragraphs three and four of the syllabus, to hold that, under former R.C. 2505.02, an order arising out of an action instituted upon an application to probate a will constituted an "order * * * made in a special proceeding," because the underlying action was a statutory creation that was not recognized at common law or in equity.[2] Our decision in Myers compels the conclusion that the order from which the instant appeal derives was "made in a special proceeding."
We, therefore, hold that R.C. 2505.03 confers upon this court jurisdiction to address on its merits the challenge presented on appeal, because the order from which this appeal derives is "[a]n order that affects a substantial right made in a special proceeding" and is thus a "final order."
 III.
We turn, at last, to the merits of the challenge presented on appeal, as it has herein been recast. To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate the following:
 that he is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5);
 that the motion is made within a reasonable time and, when relief is sought under Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment was entered; and that he has a meritorious defense or claim to present if relief is granted.
See GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146,150, 351 N.E.2d 113, 116. The decision to grant or to deny Civ.R. 60(B) relief is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the trial court abused its discretion. See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564, syllabus.
Nusic premised his motion for relief from judgment on Civ.R. 60(B)(1) and on the argument that his failure to appear and testify at the hearing on the application for distribution constituted excusable neglect. The motion was supported by (1) a copy of a letter suggesting the concurrence of all interested parties in the efficacy of an early distribution, and (2) the affidavit of Nusic's counsel, who attested to a general belief that Nusic's testimony in support of an early distribution would not be necessary, when all parties to the proceeding were in agreement on the matter and all believed that the magistrate's order granting distribution would be confirmed.
As we noted supra, a transcript of the probate court hearing that culminated in the order denying distribution has not been made a part of the record on appeal. Nor does the record before us otherwise demonstrate the supplemental or persuasive nature of any evidence that might have been adduced at the hearing had Nusic been present to testify. In the absence of some demonstration that Nusic had a meritorious defense to present if relief were granted, we cannot say that the probate court, in denying relief from the denial of distribution, abused its discretion. We, therefore, overrule the assignment of error and affirm the judgment of the court below.
 __________________________ Per Curiam.
 Doan, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Transcripts of this proceeding and the proceeding before the magistrate have not been made a part of the record on appeal.
[2] Our decision in Myers is in accord with the decision in Inre Estate of Knauff (May 27, 1997), Adams App. No. 96CA623, unreported. However, other districts have held that probate estate proceedings are not "special proceedings" as defined under R.C. 2505.02(A)(2), because such proceedings existed at common law. See, e.g., In re Estate of Endslow (Apr. 12, 2000), Delaware App. No. 99CA-F-07-37, unreported; In re Estate of Packo (Feb. 15, 2000), Lucas App. No. L-99-1350, unreported; In re Estate of Adams
(Dec. 30, 1999), Ottawa App. No. OT-98-047, unreported; In reEstate of Pulford (1997), 122 Ohio App.3d 88, 701 N.E.2d 55. The Sixth Appellate District in Adams, supra, noting its conflict with the decision of the Fourth Appellate District in Knauff, supra, has certified to the Ohio Supreme Court the question of whether probate estate proceedings are "special proceedings" for purposes of R.C. 2505.02.