DECISION
Appellant, Leonard Mitchell, appeals from an order of the Franklin County Court of Common Pleas, Probate Division, removing him as executor of the estate of Catherine Nardiello. Also before us are appellees' motions for fees and to dismiss this appeal.
The facts of this case present a fair degree of complexity, and are in many respects in dispute. Fortunately, the limited issues before us do not require a full development of the details, nor resolution of all factual controversies.
Catherine Nardiello died December 26, 1999. Pursuant to the terms of a will executed by the decedent, appellant, her nephew, was appointed executor of her estate. Appellant then filed an inventory which excluded from the estate roughly $500,000 belonging to the decedent and held in an annuity and a bank account, both listing appellant as the transfer-on-death beneficiary. The decedent's children, appellees Jennie Lee Camastra, William J. Lares, Jr., Thomas E. Lares, and David P. Lares, and grandchildren, appellees Joann McCormack, Catherine Maroney, and James Camastra, then filed a will contest and a claim against appellant for concealment of assets. Appellees subsequently filed a motion to remove appellant as executor of the estate based upon conflicts created by the will contest action and appellant's ownership of approximately $500,000 in financial assets previously owned by decedent, which appellees believe rightfully belong to the estate. Related actions were filed in the general division of the court of common pleas.
The motion to remove appellant as executor was heard before a magistrate at a lengthy hearing in which testimony was taken from a variety of witnesses, almost all of them interested in one manner or another in the estate. Appellant, however, was not subpoenaed prior to the hearing by appellees and did not testify or attend the hearing. Much of the testimony heard reflected the strained relationship between appellant and other beneficiaries, and thus tended to emphasize the fractured state of the family and the gulf of distrust that existed between the decedent's children and appellant. Much of this testimony is less than flattering to the decedent and surviving parties, and the details for the most part are not particularly germane to the present appeal and will be omitted.
For purposes of this appeal, certain findings of fact by the magistrate did not present resolution of conflicting testimony and will be taken as uncontested. The magistrate noted that the decedent moved to Columbus from New Jersey in November 1997, to be closer to her family, including appellant. At the time decedent was a widow, her husband, Nick Nardiello, having died in 1993. Decedent had no children from her marriage with Mr. Nardiello, but her four children from a prior marriage are among the appellees in the present case. A great-nephew of decedent's late husband, Nicholas Turco, an attorney, had helped decedent with her finances after the death of her husband. He traveled to Columbus with her in November 1997 to help her establish her financial affairs. The bulk of her assets, at this time constituting approximately $600,000, were placed in accounts payable to Mr. Turco as the survivor. The majority of this money was subsequently transferred to new accounts with appellant named as the survivor. The magistrate found that this was consistent with the decedent's past practice of naming individuals currently assisting her with her finances as joint owners with rights of survivorship relating to her various financial accounts.
In May 1999, the decedent executed a will naming Mr. Turco as executor and, after making six $10,000 pecuniary bequests, leaving the residuary estate equally to her four children, Mr. Turco, and appellant. A subsequent will executed October 14, 1999, weeks prior to decedent's death from pancreatic cancer, was similar except that it omitted Mr. Turco as a residuary beneficiary and named appellant as executor.
The estate inventory filed by appellant set forth the assets of the estate as $112,000 in real estate, a note receivable from Mr. Turco valued at $95,000 based upon a loan made by the decedent to Mr. Turco in connection with a real estate investment, and miscellaneous personal property valued at approximately $19,000. The exceptions filed by appellees against the inventory assert that appellant had in his possession approximately $500,000 received through the joint and survivorship accounts he held with decedent.
The will contest in the present case concerns the October 1999 will. Mr. Turco has executed a disclaimer of any interest in the estate which might be given him under the October 1999 will or any prior will, and declining to serve as executor under any will. The decedent's four children and six pecuniary legatees executed a document purporting to instruct the executor not to pursue a suit filed by appellant in an attempt to collect for the estate on the note owed by Mr. Turco.
Based upon the testimony heard at the hearing, the magistrate concluded that none of the grounds relied upon by appellees in their motion to remove appellant as executor was valid. In particular, the magistrate found that the action under R.C. 2109.50 against appellant for concealment of assets was unfounded, because, pursuant to Wright v. Bloom (1994), 69 Ohio St.3d 596, survivorship rights under a joint and survivor account, are in the absence of fraud, duress, undue influence, or lack of capacity on the part of the decedent, are conclusive evidence of the decedent's intention to transfer the balance to the surviving party. The magistrate found that there was no evidence of any of these factors, and thus the action for concealment did not present grounds to remove appellant as executor. The magistrate further found that the will contest action was empty of any substance because, due to the execution of Mr. Turco's disclaimer of any and all rights in the estate, there was essentially no difference between the October and May 1999 wills. Appellees not having contested the May will, the will contest action with respect to the October will presented no basis for removing appellant as executor. Based upon these conclusions the magistrate overruled the motion to remove appellant as executor.
Appellees filed objections to the magistrate's decision. After a hearing, the probate court entered judgment declining to adopt the magistrate's decision and removing appellant as executor. Upon appellant's motion, the court subsequently entered findings of fact and conclusions of law, in which the court noted that appellant was a defendant in the will contest action, a party in related actions pending in the general division of the Franklin County Court of Common Pleas, and the object of the concealment action. The court found that it was not the court's function in the removal hearing to examine the merits of these matters, but merely to determine whether appellant had sufficient conflicts resulting from these actions to warrant his removal as executor. The court concluded that the conflicts were sufficient to support removal. In addition, the court found that appellant's failure to attend the removal hearings and "subject himself to examination at those hearings" constituted a breach of his fiduciary duty to the estate as executor. The court consequently ordered removal of appellant as executor of the estate of Catherine Nardiello.
Appellant has timely appealed and brings the following three assignments of error:
 I. THE PROBATE COURT ERRED IN DETERMINING THAT APPELLANT BREACHED HIS FIDUCIARY DUTY BY NOT BEING PRESENT AT THE MAGISTRATE'S HEARING AND AT THE OBJECTIONS HEARING.
 II. THE PROBATE COURT ERRED IN DETERMINING THAT APPELLANT HAD "CONFLICTS" THAT WARRANTED HIS REMOVAL AS EXECUTOR.
 III. THE PROBATE COURT ABUSED ITS DISCRETION IN REMOVING APPELLANT AS THE EXECUTOR OF THE ESTATE OF CATHERINE NARDIELLO, DECEASED.
We must initially address the motion of appellees to dismiss this appeal on the basis that a decision of a probate court removing a fiduciary is not a final appealable order. Pursuant to R.C. 2505.03(A), this court has jurisdiction to review only "final orders." Final appealable orders include, in addition to judgments terminating all actions with respect to all parties, "[a]n order that affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2). A special proceeding is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Some Ohio courts have held that probate estate administration proceedings are not "special proceedings" within the meaning of R.C. 2505.02(A)(2) because such proceedings existed at common law: In re Estate of Pulford (1997), 122 Ohio App.3d 88; In re Estate of Endslow (Apr. 12, 2000), Delaware App. No. 99CA-F-07-37, unreported; In re Estate of Packo (Feb. 15, 2000), Lucas App. No. L-99-1350, unreported; In re Estate of Adams (Dec. 30, 1999), Ottawa App. No. OT-98-047, unreported. However, other courts have provided equal authority to the contrary, holding that probate proceedings are "special proceedings" for purposes of R.C. 2505.02, and, assuming that the order being appealed affects a substantial right, judgments of the probate court will be considered final and appealable. In re Myers (1995),107 Ohio App.3d 489; In re Estate of Nussbaum (July 21, 2000), Hamilton App. No. C-990527, unreported; In re Estate of Lilley (Dec. 20, 1999), Warren App. No. CA99-07-083, unreported; In re Estate of Knauff (May 27, 1997), Adams App. No. 96CA623 unreported. Removal of a fiduciary has specifically been found appealable under this reasoning. In re Estate of Price (Oct. 26, 1995), Cuyahoga App. No. 68628, unreported; In re Estate of Petrosky (Nov. 17, 1987), Greene App. No. 87 CA 10, unreported; and In re Putka (Mar. 1, 2001), Cuyahoga App. No. 77986, unreported.
Several cases may also be found in which the removal of a fiduciary was accepted for review on appeal, without any preliminary discussion of the appeal of the issue. In re Estate of Clapsaddle (1992), 79 Ohio App.3d 747; Hoover, Executor v. Gamblin (Jan. 27, 1993), Summit App. No. 15707, unreported; In re Guardianship of Daniel V. Skrobut (Sept. 10, 1999), Mahoning App. No. 98 CA 38. Most significantly, among these cases is that of In re Estate of Ober (1951), 155 Ohio St. 279, in which the Ohio Supreme Court accepted an appeal from an order denying removal of a fiduciary, and reversed. While the case contains no discussion of the appealability of the order, and no explicit holding on the issue, it nonetheless could be taken to stand for the proposition that the Ohio Supreme Court considers such orders appealable.
The foregoing authority lead us to conclude that no conclusive or binding precedent can be found for either side of the question. We are nonetheless persuaded that an order of a probate court removing a fiduciary should be considered a final appealable order. The authorities on the question of whether such an order arises out of a "special proceeding" being roughly in equipoise, we turn to another section of R.C. 2505.02 for additional guidance. The provisions of R.C. 2505.02(B)(4) specify that an order granting a provisional remedy shall be appealable if it (A) determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and (B) the appealing party would not be afforded "a meaningful or effective remedy by an appeal" following a final judgment in the action as a whole. The removal of an executor, we find, falls within this category of provisional remedies for which no meaningful or effective remedy could be granted upon an appeal by an executor following final resolution of the estate, since there would no longer be any opportunity for the executor to undertake his duties and functions as executor. It is therefore on the basis of R.C. 2505.02(B)(4) that we conclude that the removal of appellant as executor in the present case constitutes a final appealable order from which appellant may appeal. Appellees' motion to dismiss the appeal is accordingly overruled.
We now turn to the merits of the appeal, as represented in appellant's three assignments of error which will be addressed together.
As noted by the probate court, pursuant to R.C. 2113.18(A), the probate court may remove an executor if there exists unsettled claims between the executor and the estate or persons interested therein. The probate court found that appellant, as a named defendant in the concealment of assets action as well as the will contest action, had such a conflict. As was stated by the probate court, the function of the hearing was to determine whether or not a conflict existed, not whether the actions creating the conflict would ultimately prove meritorious. The probate court therefore properly found that the court's function in the removal hearing was not to examine the merits of the actions but to determine whether or not the executor had sufficient conflicts as a result of those matters to warrant his removal pursuant to R.C. 2113.18. While it might well be argued that utterly frivolous actions brought purely to create a conflict and promote removal of a fiduciary might not satisfy the conflict requirement of R.C. 2113.18(A), in the present case there was sufficient evidence presented by appellees to at least raise a colorable argument that appellant had exercised undue influence over the decedent, and that the decedent intended for the large sums held jointly or in survivorship accounts with appellant to go to her estate. We accordingly find that the probate court did not err in ordering removal of appellant as executor pursuant to R.C. 2113.18.
We expressly note that, in so finding, we make no determination of the probate court's alternative grounds for removal relating to appellant's failure to attend the removal hearing before the magistrate. Under the circumstances presented in this case, it is not clear whether or not appellant had, pursuant to his fiduciary duties as executor, an obligation to attend the hearing when he had not been subpoenaed by the movants and his counsel did not intend to call appellant to testify.
In accordance with the foregoing, appellant's second and third assignments of error are overruled and the judgment of the probate court removing appellant as executor is affirmed. Appellant's first assignment of error is rendered moot.
Finally, we turn to appellees' motion for fees in connection with this appeal. On this question it is sufficient to note that appellant prevailed when the issues presented in this appeal were heard before the magistrate, and did not suffer adverse judgment until the matter was heard on objections before the probate court judge. Under such circumstances, it is difficult to characterize this appeal as frivolous, and appellees' motion for fees is accordingly overruled.
In accordance with the foregoing, appellant's second and third assign-ments of error are overruled, appellant's first assignment of error is rendered moot, and appellees' motion to dismiss this appeal and motion for fees are denied. The judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
BROWN and KENNEDY, JJ., concur.