DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal has been taken cannot be appealed at this time and, therefore, this appeal must be dismissed.
On August 22, 2001, appellant, Norman Gannett, administrator of the estate of his grandfather, Thomas Norman Gannett, filed this appeal from an order of the probate court which removed him as the administrator of the estate. Thomas Norman Gannett died in March 1981. Corwin Gannett, Thomas' son, was appointed to be the fiduciary of his father's estate. After Corwin's death in 1990, appellant, Norman Gannett, filed an application to administer the estate which was granted. On May 30, 2001, appellee, Norma McDaniel, the decedent's daughter, filed a motion for removal of Norman Gannett as the fiduciary of the estate. On July 17, 2001, the motion was granted in a judgment entry which states:
 "The court finds from a review of its docket that this estate has a long history of litigation. It has clearly been contentious from the beginning and rather complicated as a result. The original fiduciary for decedent was decedent's son, Corwin Gannett. Corwin was appointed sometime during 1981. Thereafter, extensive litigation commenced and fiduciary Corwin Gannett was not able to complete his duties at the time of his death on January 19, 1990.
 "This court appointed Norman Gannett in 1990 to replace Corwin Gannett as fiduciary. A review of this court's docket reveals that all litigation concerning this estate had been concluded long before June 25, 1990, which is when Norman Gannett filed an application to administer the estate herein. The court further finds that over the last 11 years, no assets of the estate have been distributed and no accounting has been filed since October 2, 1987.
 "* * * The court further finds from the matters presented to this court that the duly appointed fiduciary herein, Norman Gannett, has neglected his duties in administering the within estate and is hereby removed.
 "It is further the order of this court that Attorney Beverly B. White be appointed fiduciary herein for the completion of all estate matters. Former fiduciary Norman Gannett is hereby ordered to prepare and file a final accounting for his term as fiduciary concluding with the date of this entry.
"IT IS SO ORDERED."
Norman Gannett has appealed from this order.
This appeal presents this court with a question it has addressed several times[1]: Is a judgment which rules on a motion to remove the executor of an estate a final appealable order?
Any analysis of a final appealable order question must begin with R.C. 2505.02, Ohio's final appealable order statute. Section B of this statute describes five types of final appealable orders:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
Only categories two and four could have any applicability to the grant or denial of a motion to remove an executor of an estate. In In theMatter of the Estate of John G. Packo (Feb. 15, 2000), Lucas App. No. L-99-1350, unreported, we held that category four does not apply to an order granting or denying a motion to remove an executor. We reasoned that even if such a proceeding is a "provisional remedy," any harm done by the administrator of an estate can be addressed on appeal at the conclusion of the entire estate proceedings and, therefore, R.C.2505.02(B)(4)(b) is not met. Accord, see, In the Matter of: Estate ofPerkins (May 11, 2001), Portage App. No. 2000-P-0083, unreported, from the Eleventh District Court of Appeals. But, see, contra, In re: Estateof Nardiello (Oct. 30, 2001), Franklin App. No. 01AP-281, unreported, where the Tenth District Court of Appeals states:
 "We must initially address the motion of appellees to dismiss this appeal on the basis that a decision of a probate court removing a fiduciary is not a final appealable order. Pursuant to R.C. 2505.03(A), this court has jurisdiction to review only `final orders.'
* * *
 "The provisions of R.C. 2505.02(B)(4) specify that an order granting a provisional remedy shall be appealable if it (A) determines the action with respect to that provisional remedy and prevents a judgment in the action in the favor of the appealing party with respect to the remedy, and (B) the appealing party would not be afforded `a meaningful or effective remedy by an appeal' following a final judgment in the action as a whole. The removal of an executor, we find, falls within this category of provisional remedies for which no meaningful or effective remedy could be granted upon an appeal by an executor following final resolution of the estate, since there would no longer be any opportunity for the executor to undertake his duties and functions as executor. It is therefore on the basis of R.C. 2505.02(B)(4) that we conclude that the removal of appellant as executor in the present case constitutes a final appealable order from which appellant may appeal."
This court remains of the opinion that an order removing an executor from administrating an estate cannot be appealed until the entire estate proceedings are concluded. Thus, there is a conflict between this court and the Tenth District In re: Estate of Nardiello (Oct. 30, 2001), Franklin App. No. 01AP-281, unreported. Pursuant to Article IV, Section3(B)(4), Ohio Constitution, we hereby certify a conflict to the Supreme Court of Ohio on the following issue: Whether an executor of a probate estate would be denied a meaningful or effective remedy if he must wait until the entire probate proceedings are concluded to appeal an order granting a motion to remove him as executor of the estate. The parties are directed to S.Ct.Prac.R. IV for guidance on how to proceed.
As stated above, the order being appealed in this case could also conceivably be final pursuant to R.C. 2505.02(B)(4), the "special proceeding" portion of the statute. In In the Matter of the Estate ofJohn G. Packo (Feb. 15, 2000), Lucas App. No. L-99-1350, unreported, this court held that probate estate proceedings existed at common law and therefore they are not "special proceedings" as that term is used in R.C. 2505.02(A)(2), which defines "special proceedings" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Packo at 4 — 5. See, also, In the Matter of: The Estate of Garnett B. Adams
(Dec. 30, 1999), Ottawa Co. App. No. OT-98-047, unreported; and In theMatter of the Estate of James R. Bloom (June 21, 2000) Huron App. No. H-00-020. In each of these three cases, Adams, Packo, and Bloom, this court certified a conflict between this court's holding and the holding of the Adams County Court of Appeals in Estate of Knauff (May 27, 1997), Adams App. No. 96CA623, unreported, on the issue of whether probate estate proceedings are "special proceedings". In Packo and Adams, despite our certification of a conflict, no action was taken by any party pursuant to S.Ct.Prac.R. IV(1), so the conflict was not addressed by the Supreme Court in either of those cases. In Bloom, the Supreme Court of Ohio determined that a conflict exists on the question of whether probate estate proceedings are "special proceedings" as that term is defined in R.C. 2505.02(A)(2). However, the appellant in Bloom filed an application for a dismissal of the appeal in the Supreme Court, which was granted. Thus, the certified issue has not been decided by the Supreme Court.
Since our decision in Packo, three other appellate district courts have addressed the issue of whether estate proceedings are "special proceedings" pursuant to R.C. 2505.02(A)(2). See In re: Estate ofEndslow (Apr. 12, 2000), Delaware Co. App. No. 99CA-F-07-37, unreported, from the Fifth District Court of Appeals, ("Probate estate administration proceedings existed at common law and, therefore, are not special proceedings as defined in R.C. 2505.02(A)(2)."); In Re: Estate ofNussbaum (July 21, 2000), Hamilton Co. App. No. C-990527, unreported, from the First District Court of Appeals, ("an order arising out of an action instituted upon an application to probate a will constitute[s] an `order * * * made in a special proceeding,' because the underlying action was a statutory creation that was not recognized at common law or in equity."); and In re: Estate of Nardiello, supra, where the Tenth District Court of Appeals states:
 "Final appealable orders include, in addition to judgments terminating all actions with respect to all parties, `an order that affects a substantial right made in a special proceeding.' R.C. 2505.02(B)(2). A special proceeding is `an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.' R.C. 2505.02(A)(2). Some Ohio courts have held that probate estate administration proceedings are not `special proceedings' within the meaning of R.C. 2505.02(A)(2) because such proceedings existed at common law: In re Estate of Pulford (1997), 122 Ohio App.3d 88, 701 N.E.2d 55; In re Estate of Endslow, 2000 Ohio App. LEXIS 1620 (Apr. 12, 2000), Delaware App. No. 99CA-F-07-37, unreported; In re Estate of Packo, 2000 Ohio App. LEXIS 544 (Feb. 15, 2000), Lucas App. No. L-99-1350, unreported; In re Estate of Adams, 1999 Ohio App. LEXIS 6344 (Dec. 30, 1999), Ottawa App. No. OT-98-047, unreported. However, other courts have provided equal authority to the contrary, holding that probate proceedings are `special proceedings' for purposes of R.C. 2505.02, and, assuming that the order being appealed affects a substantial right, judgments of the probate court will be considered final and appealable. In re Myers
(1995), 107 Ohio App.3d 489, 669 N.E.2d 53; In re Estate of Nussbaum, 2000 Ohio App. LEXIS 3250 (July 21, 2000), Hamilton App. No. C-990527, unreported; In re Estate of Lilley, 1999 Ohio App. LEXIS 6094 (Dec. 20, 1999), Warren App. No. CA99-07-083, unreported; In re Estate of Knauff, 1997 Ohio App. LEXIS 2467 (May 27, 1997), Adams App. No. 96CA623 unreported. Removal of a fiduciary has specifically been found appealable under this reasoning. In re Estate of Price, 1995 Ohio App. LEXIS 4727 (Oct. 26, 1995), Cuyahoga App. No. 68628, unreported; In re Estate of Petrosky, 1987 Ohio App. LEXIS 9665 (Nov. 17, 1987), Greene App. No. 87 CA 10, unreported; and In re Putka, 2001 Ohio App. LEXIS 763 (Mar. 1, 2001), Cuyahoga App. No. 77986, unreported.
 "Several cases may also be found in which the removal of a fiduciary was accepted for review on appeal, without any preliminary discussion of the appeal of the issue. In re Estate of Clapsaddle (1992), 79 Ohio App.3d 747, 607 N.E.2d 1148; Hoover, Executor v. Gamblin, 1993 Ohio App. LEXIS 557 (Jan. 27, 1993), Summit App. No. 15707, unreported; In re Guardianship of Daniel V. Skrobut, 1999 Ohio App. LEXIS 4411 (Sept. 10, 1999), Mahoning App. No. 98 CA 38, unreported. Most significantly, among these cases is that of In re Estate of Ober
(1951), 155 Ohio St. 279, 98 N.E.2d 805, in which the Ohio Supreme Court accepted an appeal from an order denying removal of a fiduciary, and reversed. While the case contains no discussion of the appealability of the order, and no explicit holding on the issue, it nonetheless could be taken to stand for the proposition that the Ohio Supreme Court considers such orders appealable. The foregoing authority lead us to conclude that no conclusive or binding precedent can be found for either side of the question. * * * The authorities on the question of whether such an order arises out of a `special proceeding' [are] roughly in equipoise, * * *." (Emphasis added.)
The only conclusion that can be drawn from all of these cases is that the appellate courts are in conflict on this issue. Thus, Pursuant to Article IV, Section 3(B)(4), Ohio Constitution, we hereby certify a second conflict to the Supreme Court of Ohio on the following issue: Whether probate estate proceedings are "special proceedings" as that term is defined in R. C. 2505.02(A)(2). The parties are directed to S.Ct.Prac.R. IV for guidance on how to proceed.
We hold that the trial court's July 17, 2001 order which removed appellant as the administrator of his grandfather's estate is not a final appealable order. Accordingly, this appeal is ordered dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] In the matter of: The Estate of Garnett B. Adams (Dec. 30, 1999), Ottawa Co. App. No. OT-98-047, unreported; In the Matter of the Estate ofJohn G. Packo (Feb. 15, 2000), Lucas App. No. L-99-1350, unreported; andIn the Matter of the Estate of James R. Bloom (Jun. 21, 2000), Huron App. No. H-00-020, unreported.